UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| YOHAN BIC FLAME-BEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:21-cv-01986-SEB-TAB |
| WEXFORD OF INDIANA, LLC, et al. | ) ) ) |
| Defendants. | ) |

**Order Denying Requests for Injunctive Relief**

Plaintiff Yohan Flame-Bey, who is incarcerated at New Castle Correctional Facility, alleges in this civil rights action that the defendants have failed to treat him for a parasitic infection. He seeks injunctive relief[1] in the form of an order that he be referred to a parasitic specialist. The defendants have responded to the motions, but Mr. Flame-Bey has not timely replied. For the following reasons, Mr. Flame-Bey's requests for injunctive relief are denied.

## I. Background

In support of his motions, Mr. Flame-Bey contends that, during 2019 and 2020, he has suffered from a parasitic infection that the defendants failed to diagnose and treat. More recently, on July 15, 2021, Mr. Flame-Bey complained in a sick call visit that he has been diagnosed with worms and that he believed his "circulatory system is filling up with parasites." Dkt. 55-1 at 5-6. He then saw Dr. Nwannunu on July 22, 2021, and stated that his "whole body is on fire because of worms." *Id.* at 9-10. Dr. Nwannunu recommended a mental health evaluation and Mr. Flame-Bey saw a mental health provider about three weeks later. *Id.* at 11-12. The provider noted that

---

[1] Mr. Flame-Bey filed a motion for a temporary restraining order and a motion for a preliminary injunction. Because the Court has given the defendants the opportunity to respond, it treats his motions as seeking a preliminary injunction. *See* Fed. R. Civ. P 65(a).

Mr. Flame-Bey "continues with ongoing somatic and grandiose delusions. He reports 'peeing parasites.'" *Id.* On October 23, 2021, Mr. Flame-Bey was placed in restrictive housing for mental health evaluation and monitoring. *Id.* at 18-20. The mental health provider determined that Mr. Flame-Bey suffered from a psychotic disorder. *Id.* at 29-31. Since then, Mr. Flame-Bey has not complained of parasites or worms. *See id.* at 31-39.

## II. Discussion

As explained below, Mr. Flame-Bey has not established his right to injunctive relief. "A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). "To survive the threshold phase, a party seeking a preliminary injunction must satisfy three requirements." *Valencia v. City of Springfield, Ill.*, 883 F.3d 959, 966 (7th Cir. 2018) (internal quotations omitted)). It must show that: (1) "absent a preliminary injunction, it will suffer irreparable harm in the interim period prior to final resolution of its claims"; (2) "traditional legal remedies would be inadequate"; and (3) "its claim has some likelihood of succeeding on the merits." *Id.* Only if the moving party meets these threshold requirements does the Court then proceed to the balancing phase of the analysis. *Id*. In the balancing phase, "the court weighs the irreparable harm that the moving party would endure without the protection of the preliminary injunction against any irreparable harm the nonmoving party would suffer if the court were to grant the requested relief." *Id*.

First, Mr. Flame-Bey has not shown that he will suffer irreparable harm or that legal remedies will be inadequate. "Irreparable harm is harm which cannot be repaired, retrieved, put down again, atoned for . . . . [T]he injury must be of a particular nature, so that compensation in money cannot atone for it." *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 296 (7th Cir. 1997).

"[H]arm is considered irreparable if it "cannot be prevented or fully rectified by the final judgment after trial." *Whitaker By Whitaker v. Kenosha Unified Sch.l Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1045 (7th Cir. 2017) (internal citations omitted). "The moving party must also demonstrate that he has no adequate remedy at law should the preliminary injunction not issue." *Whitaker*, 858 F.3d at 1046. "This does not require that he demonstrate that the remedy be wholly ineffectual." *Id*. (citing *Foodcomm Int'l v. Barry*, 328 F.3d 300, 304 (7th Cir. 2003)). "Rather, he must demonstrate that any award would be seriously deficient as compared to the harm suffered." *Id*. (quoting *Foodcomm*, 328 F.3d at 304). Here, Mr. Flame-Bey is getting care for his condition and the record reflects that he has not recently complained that he has parasites. Therefore, even if he previously experienced a parasitic infection, he has not shown irreparable harm or that traditional legal remedies will be inadequate.

Finally, to state a valid Eighth Amendment claim for inadequate medical care, Mr. Flame-Bey must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To demonstrate deliberate indifference to a serious medical condition, Mr. Flame-Bey must show that the defendants' medical decisions were "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that [they] ... did not base the decision[s] on such a judgment." *Proctor v. Sood*, 863 F.3d 563, 568 (7th Cir. 2017). The record presently before the Court reflects that Mr. Flame-Bey has not recently complained of parasites and that he has received mental health treatment. He therefore has failed to show a likelihood of success on the merits of his claim at this time.

## III. Conclusion

As discussed above, plaintiff Yohan Flame-Bey is not entitled to injunctive relief. Accordingly, his motions for injunctive relief, dkt. [3] and dkt. [4], are **denied**.

Date: 3/28/2022

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

YOHAN BIC FLAME-BEY
148865
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

All Electronically Registered Counsel